**E-FILED**
Tuesday, 01 July, 2008  03:38:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYLYNN CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-1269 |
| | ) | |
| WILDWOOD INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On June 9, 2008, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case.  More than ten days have elapsed since the filing of the Report & Recommendation, and no objections were made.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015, 1017 (7th Cir. 1988); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).  As the parties failed to present timely objections, any such objections have been waived.  *Video Views*, 797 F.2d at 539.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge.  Tylynn Crawford brought this litigation seeking damages and injunctive relief against Wildwood Industries, Inc. (Wildwood), alleging race and gender discrimination in violation of Title VII.  Crawford amended the Complaint and added a claim alleging a violation of the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 et seq. (PRRA), and Wildwood filed a Motion to Dismiss this claim. The Court agrees with the Recommendation that the Court lacks subject matter jurisdiction

over the PRRA claim because, in this case, the connection between the Title VII claim and the PRRA claim is too tenuous to support supplemental jurisdiction.  Although the Court concedes that the question of whether jurisdiction exists is a close call, even if supplemental jurisdiction existed, it would be imprudent for this Court to exercise it because this case presents a novel state law issue of whether an employer is required to disclose personnel records during proceedings before the Illinois Department of Human Rights.

Accordingly, the Court adopts the Report & Recommendation of the Magistrate Judge [#26] in its entirety.  Defendant's Motion to Dismiss [#9] is GRANTED, and Count Two of the First Amended Complaint is DISMISSED. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 1st day of July, 2008.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge