**E-FILED**
Tuesday, 15 July, 2008  03:37:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| TYLYNN CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-CV-1269 |
| | ) | |
| WILDWOOD INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

On October 9, 2007, Plaintiff filed her original Complaint (d/e 1) through counsel, Richard M. Manzella.  Defendant filed its Answer (d/e 4) on November 20, 2007, and a Rule 16 Scheduling Conference was held on December 18, 2007 which set scheduling time limits and deadlines. Plaintiff, again through counsel, filed an Amended Complaint (d/e 7) on December 31, 2007.  Defendant filed a Motion to Dismiss Count II of  the Amended Complaint (d/e 9) on January 15, 2008.  By Order entered by U.S. District Judge Mihm on July 1, 2008 (d/e 29), Count II of Plaintiff's Complaint was dismissed, leaving Count I's discrimination claim.

On May 30, 2008, Defendant filed a Motion to Dismiss for Failure to Prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure

(d/e 25).  Response to the Motion to Dismiss was due June 16, 2008.  On

June 17, 2008, Plaintiff's counsel, Richard M. Manzella, filed a Motion to

Withdraw as Attorney for Plaintiff (d/e 27) stating in great detail the

difficulties Attorney Manzella had experienced contacting and locating his

client to schedule her deposition and to move the case forward.  Counsel

had tried multiple times to meet with Plaintiff at her last known address and

to hand deliver important documents.  By Text Order of June 17, 2008, the

undersigned allowed Attorney Manzella to withdraw for good cause shown.

In that same Text Order, the Court noted that Plaintiff would now be

considered *pro se* and was required to file a response to the Motion to

Dismiss (d/e 25) by July 7, 2008.   As of this date, *pro se* Plaintiff has not

responded to Defendant's Motion to Dismiss.  Further, *pro se* Plaintiff's

copy of the Order (d/e 29) entered by Judge Mihm on July 1, 2008,

addressed to her last known location was returned via U.S. Mail marked

"undeliverable" on July 9, 2008.  The mailed copy of the Text Order of June

17, 2008 has not been returned.

　　Local Rule 7.1(B)(1) directs that a party opposing a motion must file a

response to any motion, other than motion for summary judgment, within

14 days of receipt of the motion.   On June 16, 2008, Plaintiff's response

time to the Motion to Dismiss lapsed.  The Court, by the June 17, 2008

Text Order, extended the response time to July 7, 2008.   As of this date,

*pro se* Plaintiff has failed to comply with Local Rule 7.1(B)(1).  The Court

recommends that Defendant's Motion to Dismiss for Failure to Prosecute

(d/e 25) be ALLOWED.

The Federal Rules of Civil Procedure authorize, under certain

circumstances, a district court to dismiss a party or a claim from a suit as a

sanction for a party's conduct.  The United States Court of Appeals for the

Seventh Circuit has noted that the dismissal of a party's suit is a

"draconian" sanction. <u>Marrocco v. General Motors Corp.</u>, 966 F.2d 220,

223-24 (7th Cir. 1992).  Nevertheless, the Seventh Circuit has also held

that a district court need not impose lesser sanctions before resorting to

dismissal. <u>Halas v. Consumer Servs., Inc.</u>, 16 F.3d 161, 165 (7th Cir.

1994).

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "For

failure of the plaintiff to prosecute or to comply with these rules or any order

of court, a defendant may move for dismissal of an action or of any claim

against the defendant." <u>Id</u>.  The United States Court of Appeals for the

Seventh Circuit has explained that "Rule 41(b) serves not only to protect

defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior.  The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir. 1987)(internal quotations omitted).  In the instant case, the Court believes that, based upon the history of *pro se* Plaintiff's conduct herein, a dismissal of her case is an appropriate sanction.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   July 15, 2008

      FOR THE COURT:           *s/ Byron G. Cudmore*

                                     _____

                                       BYRON G. CUDMORE
                               UNITED STATES MAGISTRATE JUDGE